IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BERNARDO GARZA, ERIC GUTIERREZ, MIGUEL VILLARREAL, and BLAINE STEWARD, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:23-CV-505-DII |
| W.W. GRAINGER, INC., | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is the report and recommendation of United States Magistrate Judge Mark Lane concerning Defendant W.W. Grainger, Inc.'s ("Grainger") motion to dismiss Plaintiffs Bernardo Garza, Eric Gutierrez, Miguel Villarreal, and Blaine Steward's (collectively, "Plaintiffs") first amended complaint, (Dkt. 39). (R. & R., Dkt. 45). Plaintiffs timely filed objections to the report and recommendation, (Objs., Dkt. 48), and Grainger filed a response to the objections, (Resp. Objs., Dkt. 50). Also before the Court is Plaintiffs' motion for leave to file second amended complaint, (Dkt. 49), and Grainger's response in opposition to that motion, (Dkt. 51). Having reviewed the report and recommendation, the parties' briefing, and the record, the Court issues the following order.

## I. BACKGROUND

Plaintiffs allege that they were injured at work when the hooks of a hanging beam assembly failed and sheets of metal hanging from the hooks fell and severely injured them. (1st Am. Compl., Dkt. 39, ¶¶ 13–15). The hooks were manufactured by a defendant who was previously dismissed from this case. (*See id.* ¶ 14). Plaintiffs allege Grainger "participated in the sale, marketing, and distribution of the [h]ooks" but "failed to provide adequate warnings regarding the . . . hook[s]."

1

(*Id.*). Plaintiffs assert claims for strict product liability, marketing defect and failure to warn, and negligence. (*Id.* ¶¶ 21–41).

The current dispute started on December 8, 2021, when Plaintiffs filed a petition in Cook County, Illinois against Grainger, former Defendant B/A Products Co. ("B/A Products"), and two other defendants not named in the instant case. (*See* Ill. Pet., Dkt. 1-1). As Grainger was the only defendant domiciled in Illinois, the Illinois court granted Grainger's joint motion to dismiss for *forum non conveniens* on July 5, 2022. (*See* Not. Removal, Dkt. 1, at 2). On August 22, 2022, Plaintiffs then filed the instant case in Burnet County, Texas district court. (Or. Pet., Dkt. 1-2). Plaintiffs brought claims against five defendants: Gibraltar U.S., Inc., Gibraltar Fabrication, LLC, Gibraltar Material Distribution GP, LLC (collectively, "Gibraltar Defendants"), B/A Products, and Grainger. (*Id.*). On May 5, 2023, B/A Products removed the case to this Court on the basis of diversity jurisdiction, alleging that the Gibraltar Defendants were improperly joined for the purpose of defeating diversity. (Not. Removal, Dkt. 1).

Following removal, B/A Products filed a motion to dismiss, Grainger filed a motion for judgment on the pleadings, and Plaintiffs filed a motion to remand. (*See* Dkts. 12, 15, 18). The Court referred the three motions to United States Magistrate Judge Mark Lane, who entered a report and recommendation on the three motions. (R. & R., Dkt. 31). The Court ultimately granted B/A Products's motion to dismiss and denied Plaintiffs' motion to remand, finding that the Gibraltar Defendants were improperly joined. The Court's order dismissed B/A Products from this case with prejudice and dismissed the Gibraltar Defendants without prejudice. (Order, Dkt. 38).

As for Grainger's motion for judgment on the pleadings, Grainger argued that it is an industrial distributor that does not design or manufacture products and is therefore immune from suit under the Texas Products Liability Statute. Tex. Civ. Prac. & Rem. Code § 82.001, *et seq.* The statute lists seven circumstances in which a nonmanufacturing seller may be liable. *Id.* § 82.003.

Grainger argued that in the original petition, Plaintiffs pleaded no facts that showed Grainger could be liable under one of the seven circumstances listed in the statute. (*See* R. & R., Dkt. 31, at 11–12). In Judge Lane's report and recommendation, he concluded that Plaintiffs had failed to adequately plead their claims such that it was not clear whether Grainger was entitled to the Texas Products Liability Statute's protections for nonmanufacturing sellers. (*Id.*). Accordingly, Judge Lane recommended that Grainger's motion be granted, but that Plaintiffs be allowed to replead their claims. (*Id.*). On November 13, 2023, the Court adopted the report and recommendation, dismissing Plaintiffs' claims against Grainger without prejudice, and ordering Plaintiffs to file an amended complaint on or before December 4, 2023. (Order, Dkt. 38).

On December 4, 2023, Plaintiffs filed an amended complaint, reasserting their claims against Grainger. (1st Am. Compl., Dkt. 39). They assert that Grainger exercised substantial control over the content of warnings and instructions that accompanied the hooks that allegedly caused their injury. (*Id.* ¶ 28). Plaintiffs allege that Grainger "failed to provide adequate warnings regarding the risk of hook failure, the intended purpose of the hooks, load limits, and/or the risk that the hooks would not properly secure items hanging from them in their intended and/or reasonably foreseeable uses," and that Grainger's failure to adequately warn caused their injuries. (*Id.* ¶¶ 14, 16–20).

Grainger again moved to dismiss Plaintiffs' first amended complaint, arguing that Plaintiffs have still not pleaded any facts from which the Court could determine whether Grainger is entitled to immunity under the Texas Products Liability Statute. (Dkt. 40). On January 2, 2024, Plaintiffs filed their response in opposition to Grainger's motion to dismiss, in which they requested leave to amend their complaint a second time should the Court dismiss their first amended complaint. (Resp. Mot. Dismiss., Dkt. 42, at 5). The Court referred the second motion to dismiss to Judge Lane. (Text Order dated Jan. 10, 2024). On January 17, 2024, at the behest of the parties, the Court stayed all

deadlines in the case pending the resolution of the motion to dismiss. (Text Order dated Jan. 17, 2024).

On May 15, 2024, Judge Lane issued a report and recommendation, in which he again found that Plaintiffs had inadequately pleaded their claims against Grainger. (R. & R., Dkt. 45). Judge Lane recognized that Plaintiffs were attempting to assert their claims under the provision of the Texas Products Liability Statute allowing for nonmanufacturing seller liability where the seller exercises substantial control over the content of a warning or instruction that accompanies a product; the warning or instruction is inadequate; and the claimant's harm resulted from the inadequacy of the warning or instruction. (*Id.* at 3–5 (citing Tex. Civ. Prac. & Rem. Code § 82.003(a)(4))). However, Judge Lane found that Plaintiffs' first amended complaint merely recited the statutory language and failed to plead facts to support their claim that Grainger had control over the warnings or instructions that accompanied the hooks. (*Id.* at 6). Accordingly, Judge Lane recommended that the Court grant Grainger's motion to dismiss the first amended complaint for failure to state a claim. (*Id.* at 6, 8). In addition, Judge Lane recommended that the Court deny Plaintiffs leave to amend a second time because Plaintiffs had already once failed to fix the deficiencies in their complaint. Further, Judge Lane noted that Plaintiffs had not provided the Court with any insight as to what additional facts Plaintiffs could plead to present viable claims. Accordingly, Judge Lane recommended that the Court dismiss Plaintiffs' first amended complaint with prejudice. (*Id.* at 7–8).

Plaintiffs filed objections to the report and recommendation, in which they argue that Judge Lane erred both in finding that their first amended complaint was inadequately pleaded and in recommending that their request to amend be denied. (Objs., Dkt. 48). Plaintiffs then filed a separate motion for leave to file a second amended complaint, (Dkt. 49), and a proposed second amended complaint, (Dkt. 49-1). Grainger filed responses to both Plaintiffs' objections and

Plaintiffs' motion for leave to amend. (Dkts. 50, 51). Grainger asks that the Court grant the motion to dismiss and deny Plaintiffs the opportunity to amend their complaint a second time. (*Id.*).

## II. DISCUSSION

### A. Motion to Dismiss

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Plaintiffs objected to each portion of the report and recommendation, the Court reviews the report and recommendation *de novo*.

Having reviewed the report and recommendation *de novo*, the Court agrees with Judge Lane that Plaintiffs' first amended complaint is inadequately pleaded and does not state a claim for relief that is plausible on its face. Accordingly, for the reasons given in the report and recommendation, the Court overrules Plaintiffs' objections as they pertain to the motion to dismiss and adopts Judge Lane's analysis of Grainger's motion to dismiss as its own order. Therefore, the Court grants Grainger's second motion to dismiss, (Dkt. 40).

### B. Motion for Leave to Amend

Because Plaintiffs also objected to Judge Lane's findings on their request to amend and because Plaintiffs filed a separate motion for leave to amend that includes a newly-filed proposed second amended complaint, the Court will also review Plaintiffs' motion for leave to amend *de novo*.

The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course," but afterwards "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283

F.3d 282, 286 (5th Cir. 2002) (citation and internal quotation marks omitted). "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). The futility of amendment is another such substantial reason to deny leave to amend. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). A proposed amendment is futile if it fails to state a claim upon which relief could be granted. *Id.* at 873. Therefore, in determining futility, this Court will apply the "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Plaintiffs argue that Judge Lane erred in concluding that further amendment of Plaintiffs' complaint would be futile. (Objs., Dkt. 48, at 6). Plaintiffs state that their proposed second amended complaint expressly remedies the deficiencies identified in the report and recommendation. (Mot. Leave, Dkt. 49, at 4). In response, Grainger contends that Plaintiffs should not be allowed to amend their claims again because they were already on notice of their inadequate pleading and failed to cure the deficiencies that Judge Lane identified in his first report and recommendation. (Resp. Mot. Leave, Dkt. 51, at 3–5). Further, Grainger argues that amendment is futile because the proposed second amended complaint still fails to adequately plead that Grainger could be found liable under the Texas Products Liability Act. Specifically, Grainger argues that Plaintiffs failed to plead facts describing how Grainger's warnings differed from the manufacturer's warnings such that the Court could conclude that Grainger's warnings were inadequate. (*Id.* at 5–6).

In the proposed second amended complaint, Plaintiffs plead the following new facts:

> On information and belief, the hooks which were sold and/or distributed by Grainger were designed with a working load limit that could vary by at least 700 pounds per hook depending on their application. Further, on information and belief, many of the hooks sold and distributed by Grainger were "stamped" with the greater working load limit, rather than the lesser. On information and belief, some of the same model/specifications were not stamped at all. Marketing materials (such as pictures of the J-Hooks) on Grainger's website, through which upon information and belief the product was ordered, reflect the greater of the working load limit figures, and reflected this when the hooks were ordered.

(Proposed 2d Am. Compl., Dkt. 49-1, ¶ 12). They continue to plead that Grainger "failed to provide adequate warnings regarding the risk of hook failure, the intended purpose of the hooks, the working load limit of the hooks, and/or the risk that the hooks would not properly secure items hanging from them in their intended and/or reasonably foreseeable uses, when Grainger knew or should have known that such warnings were reasonably necessary to avoid potential injury." And Plaintiffs allege that Grainger "did not provide the manufacturer's warnings and/or direct end users

7

to warnings, manufacturer's or otherwise, regarding, *inter alia*, working load limits, the potential for variability in the working load limits, the proper applications of the hooks, the risk of hook failure if used in applications not intended by the manufacturer." (*Id.* ¶ 13). Additionally, they allege for the first time that:

> Grainger's website, through which the product was ordered, did not itself contain sufficient warnings, including those of the manufacturer or those identified above, which would have alerted Plaintiffs to the dangerous nature of the hooks. It did not contain any such warnings, despite including photographs which indicated that the hooks had a particular working load limit 700 pounds greater than a potential actual working load limit.

(*Id.* ¶ 14). Finally, Plaintiffs plead that "[b]ecause they were not adequately warned of the danger, Plaintiffs' and/or Gibraltar's estimation of the ultimate safety of the hooks overestimated the hooks['] capacity and suitability for utilization in the Assembly. This ultimately caused the accident." (*Id.* ¶ 15).

Accepting these facts as true, which the Court must under a Rule 12(b)(6) analysis, the Court finds that Plaintiffs' proposed amendment is not futile. As noted above, under the Texas Products Liability Statute, a nonmanufacturer seller can be found liable if the seller (1) exercised substantial control over the content of a warning or instruction that accompanied the product; (2) the warning or instruction was inadequate; and (3) the claimant's harm resulted from the inadequacy of the warning or instruction. *See* Tex. Civ. Prac. & Rem. Code § 82.003(a)(4). In their proposed second amended complaint, Plaintiffs allege that Grainger had substantial control over the content of the warning or instruction that accompanied the hooks by including marketing materials on their website that contained information on the hooks' load limit. Plaintiffs allege that the warnings were inadequate because, while the hooks had a working load limit that could vary by at least 700 pounds per hook, the hooks instead were stamped with the greater working load limit or not stamped with any working load limit at all. This warning—or lack thereof—could plausibly lead users to assume

8

that the hooks could theoretically bear more weight than they actually could. Finally, Plaintiffs plausibly allege that the confusion over the load limit of the hooks caused their injury because Plaintiffs or their employer misapprehended the safety of the hooks by overestimating the hooks' capacity and suitability for utilization in the assembly. At this stage, the Court is satisfied that Plaintiffs have pleaded sufficient facts to state a plausible claim for liability against Grainger.

The Court acknowledges Grainger's argument that Plaintiffs should be denied leave to amend because they have had several opportunities to present their best case. It is unclear why Plaintiffs have waited two-and-a-half years from when they first filed their Illinois petition to provide the details that now appear in their proposed second amended complaint. Nevertheless, Rule 15 "evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp.*, 283 F.3d at 286. The Court does not find that Plaintiffs' delay in presenting a well-pleaded complaint constitutes undue delay such that the Court should deny amendment. Further, while Plaintiffs did fail to cure the deficiencies in their pleading when drafting their first amended complaint, their proposed second amended complaint has cured the Court's previous concerns. Because the proposed second amended complaint is not futile and there is not another substantial reason to deny amendment, the Court will grant Plaintiffs' leave to file their second amended complaint.

### III. CONCLUSION

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Mark Lane, (R. & R., Dkt. 45), is **ADOPTED IN PART** in accordance with this order.

**IT IS FURTHER ORDERED** that Grainger's motion to dismiss, (Dkt. 40), is **GRANTED**. Plaintiffs' first amended complaint is **DISMISSED WITHOUT PREJUDICE**.

9

**IT IS FURTHER ORDERED** that Plaintiffs' motion for leave to file a second amended complaint, (Dkt. 49), is **GRANTED**. The Clerk of the Court is **ORDERED** to file Plaintiffs' second amended complaint, (Dkt. 49-1).

**IT IS FURTHER ORDERED** that Grainger shall file its answer to Plaintiffs' second amended complaint on or before **August 6, 2024**.

Given that Grainger's motion to dismiss has now been resolved, **IT IS FINALLY ORDERED** that the stay in this case is **LIFTED**. The parties are **ORDERED** to file a modified, proposed scheduling order with updated deadlines on or before **August 6, 2024**.

**SIGNED** on July 16, 2024.

 

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE